Good morning. Mark Gunderson and Lyle Hosoda appearing for the appellant Jeffrey Reimer. May it please the court and counsel. This case comes to the court on an imprudent, improper, in our view, grant of summary judgment by the lower court. And we are making three arguments on appeal. One, that the lower court misapplied the appropriate burden of proof to prove or to show good faith dispute as to whether Kuki'o is a private club. We believe that burden is to be borne by Kuki'o and the lower court found that that burden should have been borne by Reimer. Two, that the lower court misapplied the standard for a motion for summary judgment and appears to have weighed the evidence rather than determining if good faith material issues in fact remain to be tried, which there were and which there are. In so doing, the lower court misapplied the analysis for the factors to determine public versus private. And lastly, we have raised the issue as the lower court did not rule on the Rule 56D motion for additional discovery, bearing in mind, of course, that the motion for summary judgment brought by Kuki'o was done very, very early in the case and immediately prior to an agreed-upon settlement conference. So the parties had agreed and stipulated to suspend discovery? Pending the settlement conference. And did you know that they were going to file a summary judgment motion? Was this contemplated within the parties' stipulation? Certainly not contemplated by Reimer nor agreed to by Reimer. In fact, we objected to Mr. Oshima that that was in opposite to our agreement to take this to a settlement conference. Not only was the motion for summary judgment brought by Kuki'o, but it was brought literally on the steps of the mediation and an order-shortening time. And we made those objections to the lower court. And the lower court simply went past them and wanted these issues to be heard. And they were done or heard on shortened notice. So there was no agreement, no indication. In fact, if you look at the history of this case, Your Honor, there had been a dispute brewing at the very beginning of this case about which of these claims may be subject to arbitration or not subject to arbitration. And we had those disputes, and we were trying to settle that out before our mediation. And, in fact, Reimer filed a motion for summary judgment on those so that we would have the scope of the case, which were federal claims and which were state claims. So, no, the summary judgment motion wasn't anticipated. It wasn't something we expected and, frankly, had it to have been, we may have acted differently in that case. You had asked the district court for an opportunity to conduct discovery. If we were to agree with you that some discovery might be warranted, what's the discovery plan? What sort of discovery are you going to be seeking if we decide to remand the case? The proper scope of our discovery that we would seek is to determine those facts that bear upon the private exemption to the otherwise public accommodation of Kikio. And that would be who uses the club, when do they use the club, how do they use the club, how the club is advertised, what the club actually does, how is it managed, what are those management issues, all of the eight factors that go into determining private versus public. None of those facts have ever been or seen the light of day. And one of our substantial objections is, of course, that Mr. Meldman's declaration is a summary. It's very short, conclusory, and doesn't, in our view, rise to the level of showing that Kikio is indeed a private club. And that's one of the issues that we would have. We also believe that once the court saw that discovery and applied the appropriate burden of proof, and we believe that the court made a reversible error in determining that the burden was upon Reimer to show that there was not a public, or excuse me, not a private club. We believe the better rule, and the rule that was enunciated in Martin v. PGA Tour, and citing to both the Fourth and Fifth Circuit, is since that is an exception to the general rule, that exception is a burden to be borne by the party claiming the benefit of that exception, and that is Kikio. And there are no facts in the record, in our view. Did you make that argument to the district court? We did. We did. It was not addressed. She had a contrary opinion, and she noted it in her ruling, that no, Reimer has to prove the ADA claim at trial. And I think we got a little off line with the lower court on what the trial evidentiary burden is versus the burden on a motion for summary judgment. And the court took the position that Reimer had to prove an ADA violation, so had to prove it was in a public accommodation. Well, it's in the statute that a golf course, a recreational facility, a health club, by statute is a public accommodation. And nobody disputes that Kikio is, in fact, all of those. So it is a public accommodation. What there isn't is a private club, and that, we believe, is the burden to be borne by Kikio. Did you want to save time for rebuttal? I would like to reserve some time, and I see I have about three minutes. If I could reserve, Your Honor, I'd certainly appreciate it. That's fine. Good morning. My name is Leighton Oshima. I represent the defendants, Kikio Golf and Beach Club, and also the co-defendant, Melanie Iona. Judge Leslie Hayashi noted that ultimately at trial, the plaintiff has the burden of proof. That was just her starting comment. But later she explained that for this dispositive motion, plaintiff must seduce contrary evidence to rebut Mr. Melman's affidavit that attested that the club was private, it did not advertise, it had a selective membership criteria. In order to become a member of the club, one had to purchase a vacant lot priced at $5 million and build a dwelling of a certain type and size. And so in looking at Mr. Melman's affidavit, as well as the membership rules, she concluded that we did prove that it was a private club. And when she scrutinized the opposing papers, she did not detect in the plaintiff's affidavit any contrary material competent evidence. She did not feel that opposing counsel's affidavit that if the mediation is not successful, we plan to conduct intensive discovery. The rules require that the opposing party with specificity, not just a generic we will conduct discovery on certain issues, that it has to show, the plaintiff must show that the discovery which it intends to conduct would create a material penalty. I just want to make sure I understand what happened. Judge Wynne had pointed out that there had been some agreement to sort of hold discovery in abeyance while you went to this mediation. Is that right? Not on this issue. No, no, no, no, no, no. Was there an agreement to hold discovery in abeyance? No, there was not, Your Honor. There wasn't? So what I read was not? I just read what I read? Your Honor, I looked in my files for any confirmatory email or letter saying that discovery would be held in abeyance, and I did not find any. I will say this, Your Honor. Earlier that year, Plaintiff Mr. Gunderson flew from Reno and deposed several witnesses at the Coquille Resort. He deposed salespersons. He deposed my client, Melanie Iona, who was the victim of verbal abuse. So he had conducted discovery. Also, in an earlier motion for partial summary judgment or summary judgment, Judge Leslie Kobayashi ruled the ADA claim is exempt from the alternate dispute resolution, be it mediation or arbitration. So that claim, count one, was still alive and in litigation. Can I have you back up a little bit, Counsel? Because I'm looking at Katherine Reichenberg, and my apologies if I mispronounce that. But Ms. Reichenberg, Counsel's declaration submitted in connection with, I think, the opposition to the motion for summary judgment, and she represented in that declaration that at all times Counsel for the Parties had agreed and represented to the court that discovery would be withheld until after mediation. Are you saying to us right now that that's inaccurate? Judge, Your Honor, that was for the claims that were not subject to the alternate dispute resolution. The other claims, we had agreed. It was the negligence claim, intentional infliction of emotional distress, negligent infliction of emotional distress, and the discovery on those claims was stayed. We didn't proceed on that because we were flying to Reno to do the mediation. But the count one, which was not part of the mediation, that claim was still alive. So you're saying, paragraph 6 of the declaration, that in part specific to the facts necessary to oppose summary judgment, we would conduct a discovery regarding membership solicitation and so on, that that could have and should have been done before the settlement mediation? Well, it could have been done before the mediation because they had deposed our personnel at the Coquille Resort. They had done that discovery. They had deposed five witnesses. So they filed their lawsuit on July 19. But at the time that they did that, had you asserted the private club exemption? Yes, we had, Your Honor. That was the topic of the plaintiff's early motion for summary judgment. They were claiming it was a private club, and the judge said, well, that issue will not be subject to mediation. So I don't agree. So the private club issue was not subject to the settlement mediation. No, it was not. It was only on the negligence and other claims. And so at the court understand, at great expense, we flew ourselves and the mediator to Reno to attempt a settlement. And we realized that count one, the ADA claim, was the primary claim of the plaintiff and that we wouldn't be able to successfully settle the case unless that case was addressed. And so we filed our motion and wanted to have it adjudicated and ruled upon before the mediation. Can I have you go back to your burden of proof issue? Are you arguing that the district court properly placed the burden of showing the exemption on the defendants? Or are you arguing that she placed the burden on plaintiffs, but appropriately so? Regarding the hearing on the motion she did, she said, she wrote, the plaintiff must adduce contrary evidence which creates a genuine issue of material dispute effect. And again, she noted that ultimately plaintiff would have the burden at trial, but her decision, she emphasizes that the move on, we did show that we were a private club and that the evidence adduced by plaintiff was not sufficient to withstand some judgment. I'm not sure I understood that you answered my question. Did she appropriately place the burden on the defendants to demonstrate the exemption? I think she did, Your Honor. I mean, she recognized that we had the burden, but we had satisfied that by our moving papers and the exhibit. And then it was up to plaintiff to counter that or contradict that, and he did not. So you're not disputing that the club has the burden to exempt itself from the ADA under the private club exemption? Correct, Your Honor. But we felt that there was no genuine issue of material fact. We produced Mr. Melman's affidavit, and he authenticated the membership rules, and we felt that it was a case proper for summary judgment. And I would say, Your Honor, that since the briefing on this case, a California district court in Papillon v. R. Ranch addressed a similar case, addressing the similar elements of what is a private club or a public accommodation, and they granted summary judgment, very similar to this case. It's a 2015 case after we had finished this briefing, so I have a copy if the court would like it. You can fill out a form and bring it to our attention if you want afterwards. Let me ask you one question, a minor sort of non-technical question. You know, when the appeal was lodged with us, the court offers mediation services generally, you know, to encourage parties to settle. We tried. After our court notified you? Yes. And this has not been a – I mean, this case does – as I understand the record, Mr. Reimer is a member of the club, right? He is still a member, but he is – I am told he is delinquent with his dues, and that is – You went through the Ninth Circuit's mediation process? We wanted to, but plaintiff declined. And I would say this, Your Honor. In this case, the lawsuit was filed. We went to mediation. We had an arbitration scheduled, and then we had a trial. So we've gone the whole gamut. We did want to try mediation. The nature of the underlying dispute – you know, I'm not – but it seems like it's the kind of dispute that could be settled. I agree, Your Honor. Okay. Thank you. To answer your question. Sure. Reimer has always stood ready, willing, and able to engage in good-faith mediation to resolve this case. Well, you know, the Ninth Circuit has a wonderful mediation program. It was not elected by Kikio. It takes two sides. It wasn't Reimer. That's the short story. We've tried to settle this case on a number of occasions, and we've not been able to do so for various reasons. But I think to go back to Judge Nguyen's question about discovery, Mr. Oshima is wrong. No discovery was taken prior to the motion for summary judgment. That was all after. If you look at the timeline in this case, the complaint was filed on July 20th. It wasn't until two months later on September 14th that Kikio filed an answer. We set this for a settlement arbitration. State discovery agreed to do so. Counsel said the state only covered the other claims, not the private club exemption issue, and you're disputing that. That is flat wrong. It would make no sense. The point of staying discovery was not to go to the expense of discovery, having a good-faith settlement mediation.  No, because that was the suggestion of Mr. Oshima and his client. We were amenable to that. Mr. Reimer is an extremely disabled person. It is extremely hard for that man to travel. So rather than put it to the expense of going to Hawaii, which would take a huge effort on his part, he is severely disabled with traumatic brain injury. We held it. But if you look at the timeline, there's no time to conduct discovery. No discovery was, in fact, conducted. The discovery that he related to us a minute ago? Yes. When was that conducted? After the mediation was unsuccessful. That's when it occurred because otherwise we would be contrary to what our agreement was and that was today. Well, when was the summary judgment motion filed? The summary judgment motion was filed on March 11th. So we have ---- Was that after the mediation? The motion for summary judgment was filed just prior to the mediation. Yes, but when was the discovery conducted before the court considered the statement of disputed facts? There was no discovery prior to the motion for summary judgment. No, that's the motion. My question is it was filed and then when did the ---- and that was filed when? The motion for summary judgment was filed March 11th. Okay. And the mediation failed when? April 12th. After the motion was ---- After the motion was decided but prior to there being any discovery conducted. Wait a minute, wait a minute, wait, wait. You just said something there that I ---- So the motion is filed on March 12th? The motion is filed March 11th. 11th. And the district court rules on that motion? On April 11th, the day prior to the mediation. Then mediation is the next day and then ---- It failed and we went back into preparing this case for trial and we conducted the discovery at that time. I see. So before the motion for summary judgment was filed, there had been no discovery of any sort? That's correct. And that's pursuant to this, you say, Reichenberg said it was because there was an agreement to stay all discovery pending mediation. Which is the most sensical thing. I understand. I just want to, yes. Your timeline is correct, John. Let me just clarify. I want you to clarify one other point. He said that there was another partial motion for summary judgment. Because we had a dispute between counsel, between the parties, whether some claims were arbitrable or not under an arbitration agreement in one of the governing documents, Reimer filed a motion for summary judgment to determine which were state claims, which were federal claims, which were appropriately brought in federal court and that was what we had done to narrow. That was before you guys agreed upon this mediation or was that afterwards? Or is this the motion we're talking about? No. Two different motions. This was done prior to that. Okay. Thank you. Did you want to make any other point? We sort of wanted clarification there, but I'll give you just a minute. Well, I just hope that I have clarified. All right. I think we understand the procedural posture. Then we'll stand submitted. Thank you for your time. Thank you. Thank you, counsel. We appreciate your arguments. The matter is submitted.
judges: Fisher, Paez, Nguyen